UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

RICHARD WAGNER, Individually,  :
:
    Plaintiff,  :
:
vs.  : Case No.
:
DIVIA CORPORATION., a Georgia :
Corporation,
:
    Defendant.  :
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, Richard Wagner, Individually, on his behalf, and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, DIVIA CORPORATION, a Georgia Corporation (sometimes referred to as "Defendant"), for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

1. Plaintiff, Richard Wagner, is an individual residing in Columbus, Ohio, in the County of Franklin.

2. Defendant's property, Hampton Inn & Suites Adairsville Calhoun Area, is located at 101 Travelers Path, Adairsville, GA 30103, in the County of Bartow.

3. Venue is properly located in the Northern District of Georgia because

venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq.

5. Plaintiff Richard Wagner is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Wagner is paralyzed as a result of a spinal cord injury, and relies on a wheelchair to ambulate. In addition, Mr. Wagner has severe arthritis in his left hand from years of wheelchair racing, wheelchair basketball, and over 30 years using a manual wheelchair in day-to-day life.

6. Mr. Wagner's parents and several of his friends reside in Georgia, and several times per year he travels from his home in Ohio to go to track events at Michelin Raceway Road Atlanta, which is located at 5300 Winder Highway, Braselton, GA 30517, and visit his parents and friends. Mr. Wagner's latest date he visited the raceway was on April 10, 2020.

7. Mr. Wagner is an avid racecar driver. Mr. Wagner's parents reside in Adairsville, GA.

8. The subject hotel is located on the same freeway exit off I-85, that you use to get to the subject racetrack, and is located approximately 5.7 miles from the racetrack.

9. Plaintiff Richard Wagner stayed as a guest at the Hampton Inn & Suites Adairsville Calhoun Area on April 10, 2020, which property forms the basis of this lawsuit, and he definitely plans to return to the Hampton Inn & Suites Adairsville Calhoun Area in the near future, if the property is made accessible, to avail himself of the goods and services offered to the public at the property, and to confirm the property is brought into compliance with the ADA.

10. The Plaintiff has personally encountered architectural barriers at the subject property, which barriers are enumerated herein. The barriers to access at the property have endangered his safety and have denied him the full and equal access to Defendant's property.

11. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Hampton Inn & Suites Adairsville Calhoun Area, and is located at 101 Travelers Path, Adairsville, GA 30103.

12. Richard Wagner has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 14 of this complaint. Mr. Wagner has reasonable grounds to believe

that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Richard Wagner desires to visit Hampton Inn & Suites Adairsville Calhoun Area not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et sec.

14. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Hampton Inn & Suites Adairsville Calhoun Area has shown that violations exist. These violations, which were personally observed or encountered by Plaintiff Richard Wagner include, but are not limited to:

**Parking**
a) The Plaintiff was not able to park closest to the lobby entrance or the entrance his room was nearest to, as the accessible parking is not located on the shortest accessible route to the building entrances, in violation of 2010 ADAS §208.31. In addition, where parking serves more than one accessible entrance, parking spaces shall be dispersed and located on the shortest accessible route to the accessible entrances in violation of 1991 ADAAG §4.6.2 and 2010 ADAS §208.3.1.

4

### Guest Reception

b) The Plaintiff was not offered the same level of service and access as guests without disabilities, as the guest reception counter was not accessible for him in violation of 2010 ADAS §904.2, 904.1, and 1991 ADAAG §7.2(1).

### Dining Area

c) The Plaintiff was not able to use a dining surface, as his wheelchair could not fit under any of the tables, in violation of 2010 ADAS §226.1, and 1991 ADAAG 5.1.

d) The Plaintiff was not able to use the dining tables, because he could not maneuver his wheelchair underneath his table surface, in violation of 2010 ADAS §306.2.1 and 1991 ADAAG 4.32.3.

### Pool

e) The Plaintiff could not use the pool because there was not an accessible means of entry to the pool, provided for him, in violation of 2010 ADAS §242.2. At the time of the evaluation the pool lift had no power, had a protective cover over it and it could not be operated or tested.

### Guest Room 205 and others

f) There are not enough accessible rooms designated with accessible features. Room 205 was designated as accessible, and the Plaintiff was told by the hotel staff it was a mobility accessible room, when he checked and went back to re-inquire as to its mobility features. The room did not comply with the standards for a mobility accessible room, and the Plaintiff was severely limited in his ability to use the toilet, bathe, and to manage his personal care needs during his stay, in violation of 1991 ADAAG 9:1.2, and 2010 ADAS 224.2.

g) The Plaintiff was not able to identify his room as being accessible as it locked the required Intermediate Symbol of Accessibility, in violation of 1991 ADAAG §4.1.2 (7)(c), at 2010 ADAS §216.6.

h) The Plaintiff could not adjust the room temperature from his wheelchair, because he could not approach the controls, in violation of ADAAG 4.2.4.1, and 2010 ADAS §305.3.

i) The Plaintiff could not access or adjust the climate control from his wheelchair because it was out of the accessible reach range in violation of 1991 ADAAG 4.2.6 and 2010 ADAS §308.3.2.

j) The Plaintiff could not use the toilet because he could not maneuver his chair into position, and there were no grab bars around the toilet, in violation of 2010 ADAS §604.3.2.

k) The flush handle is located on the wrong side of the toilet, in violation of 2010 ADAS §604.6, which prevents the Plaintiff from flushing the toilet.

5

l) The Plaintiff could not access the amenities from his wheelchair, because he could not approach the elements, in violation of 1991 ADAAG §4.2.4.1, and 2010 ADAS §305.3. The towels, towel rack and shelf are not accessible, because there is not adequate clear floor space for an approach.

m) The Plaintiff could not access the amenities from his wheelchair, because the amenities from his wheelchair, because they were out of his accessible reach range, in violation of 1991 ADAAG §4.2.6 and 2010. The shelf and towel rack were not accessible they are located over an obstruction greater than 34" tall.

n) The Plaintiff was unable to access the shower and bather in violation of 1991 ADAAG 4.3.8 and 2010 ADAS §608.7. The threshold for the shower is too high, and the shower stall is not wide enough because the glass shower door obstructs the opening in violation of 1991 ADAAG 4.21.2 and 2010 ADAS 608.2.2.

o) The shower compartment is missing a seat in violation of 2010 ADAS §608.4, preventing Plaintiff from using the shower.

p) The operable parts of the shower controls are not located correctly, preventing their use by the Plaintiff, in violation of 2010 ADAS §608.5.2, and the grab bar is missing on the back wall in violation of 2010 ADAS §608.3.2.

q) In the shower, there is no hand held sprayer unit in violation of 1991 ADAAG §4.21.6 and 2010 ADAS §608.6, also preventing use by Plaintiff.

r) The Plaintiff could not maneuver his wheelchair under the sink to enjoy the full use of it, as compliant knee space has not been provided under the lavatory, in violation of 2010 ADAS §306.3.1, and the top rim of the lavatory is too high, in violation of 1991 ADAAG §4.19.2 and 2010 ADAS §606.3.

s) The Plaintiff was unable to see his face or body in the mirror from his wheelchair, as the mirror is mounted too high in violation of 2010 ADAS §603.3.

t) There are an insufficient number of compliant accessible rooms an violation of 1991 ADAAG §9.1.2, and 2010 ADAS §224.2.

u) The accessible compliant guest rooms are not dispersed and the various classes of sleeping accommodations, in violation of 1991 ADAAG §9.1.4 and 2010 ADAS §224.5.

### Maintenance

v) The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

### Number and Dispersement of Rooms

6

w) The subject hotel lacks the required number of compliant disabled rooms and the compliant disabled rooms are not dispersed amongst the various classes of guest rooms in violation of Section 224.5 of the 2010 ADAAG.

15. All of the foregoing violations are violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

16. The discriminatory violations described in paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17. Defendant has discriminated against the individual Plaintiff by

7

denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et sec. and 28 CFR 36.302 et sec. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1993, 28 CFR

8

36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

21. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Hampton Inn & Suites Adairsville Calhoun Area to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

a.  The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et sec.

b.  Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.  An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

e.  The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

Respectfully submitted,

_____
Jon David W. Huffman, Esq.
GA Bar No. 937966
Poole Huffman, LLC
Building J; Suite 200
3562 Habersham at Northlake
Tucker, GA   30084
(404) 373-4008
(488) 709-5723 - facsimile
jondavid@poolehuffman.com

Lawrence A. Fuller, Esq.,
*pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Boulevard, Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - facsimile
lfuller@fullerfuller.com

*Attorneys for Plaintiff*

Counsel certifies that this filing is in an acceptable type and font in accordance with L.R. 5.1(B) and (C), NDGA.